K9NPQUIC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          19 CR 144 (AKH)
                                           Telephone Conference
5   MICHOLS ORSINI QUINTERO,

6              Defendant.

7   ------------------------------x

8                                          New York, N.Y.
                                           September 23, 2020
9                                          11:00 a.m.

10  Before:

11              HON. ALVIN K. HELLERSTEIN,

12                                         District Judge

13
                    APPEARANCES VIA TELEPHONE
14
    AUDREY STRAUSS,
15       Acting United States Attorney for the
         Southern District of New York
16  BY:  AMANDA HOULE
         SAMUEL ADELSBERG
17       Assistant United States Attorneys

18  LAW OFFICES OF SABRINA P. SHROFF
         Attorney for Defendant Orsini Quintero
19  BY:  SABRINA P. SHROFF

20  CHRISTINE H. CHUNG, PLLC
         Attorney for Defendant Mones Coro
21  BY:  CHRISTINE H. CHUNG

22
    ALSO PRESENT:  PAULA GOLD, Spanish-Language Interpreter
23

24

25

K9NPQUIC

1           (The Court and all parties appearing telephonically)

2           (Case called).

3           MS. HOULE:  Good morning, your Honor.  Amanda Houle

4    and Samuel Adelsberg for the government.

5           MS. SHROFF:  Good morning, your Honor.  For Mr. Orsini

6    Quintero, Sabrina Shroff.

7           MS. CHUNG:  And good morning, your Honor.  It's

8    Christine Chung on behalf of defendant Victor Mones.

9           THE COURT:  All right.  We're all here and,

10   Mr. Quintero, are you on the line?

11          THE DEFENDANT:  Yes.

12          THE COURT:  I want to hear his voice.

13          THE DEFENDANT:  Yes, here I am.

14          Did you hear that, your Honor?

15          THE COURT:  Is the interpreter functioning for

16   Mr. Quintero?

17          THE INTERPRETER:  Yes, your Honor.  Paula Gold.

18          THE COURT:  I want to hear your voice, Mr. Quintero.

19   Are you here?

20          THE DEFENDANT:  Yes, of course.  Here I am.

21          THE COURT:  Okay.

22          THE INTERPRETER:  Did you hear that, your Honor?

23          THE COURT:  All right.  That's good.  Okay.

24          The first question I wish to ask is, what are the

25   state of play of the indictments?  We have separate indictments

K9NPQUIC

1    against Mr. Orsini Quintero, and we have separate indictments

2    against others.  And I remarked at an earlier conference that

3    if the government was going to amend to consolidate the

4    indictments, it should be doing so.

5             What's the status of that, Ms. Houle?

6             MS. HOULE:  Thank you, your Honor.  Mr. Orsini

7    Quintero is on a separate indictment.  He's charged with a

8    conspiracy offense.  It's the same conspiracy offense with

9    which other defendants are charged.

10            If your Honor would prefer that we seek a superseding

11   indictment with Mr. Orsini Quintero joined with the other

12   defendants, we can endeavor to do that.

13            THE COURT:  I will do so only in connection with your

14   desire to have a trial.  There's no point in having separate

15   and successive trials if defendants are faced together with a

16   conspiracy.  Although, they may be.  The government has to

17   choose.  I just need stability.

18            So I'd like you to make your decision, Ms. Houle,

19   whether you will proceed on the indictment against Orsini

20   Quintero alone, or whether you plan to amend at a later time,

21   which will cause delay.

22            MS. HOULE:  Your Honor, we don't anticipate that any

23   other defendant will proceed to trial with Mr. Quintero.

24            THE COURT:  Okay.  So that gives me the stability of

25   the indictment, and we can plan accordingly.

K9NPQUIC

1          I want to make two preliminary findings first.  We are

2     not in court.  We are operating virtually and remotely each on

3     a telephone.  Because of the constraints raised by the pandemic

4     and because of the difficulties of transporting people in jail

5     to and from the court, and because of the problems of

6     quarantine after they come to the court, it is a burdensome,

7     prejudicial and difficult for the defendants to attend court

8     hearings.  Although, if a defendant insists on it, it will be

9     accommodated.

10          Secondly, instead of a televised conference, where we

11     would have to wait on line and wait for a place, the obligation

12     to move ahead, particularly with a defendant who is presumed

13     innocent until he's found guilty but is in detention, we should

14     move ahead as speedily as possible.  So if the defendant

15     consents, we will continue in this fashion.  Those are the

16     requirements of the CARES Act.

17          Mr. Orsini Quintero, do you consent to work the

18     proceeding on this telephone?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And is there any objection, Ms. Shroff?

21          MS. SHROFF:  No, not for today's proceeding, your

22     Honor.  Thank you for asking.

23          THE COURT:  All right.  If you want an in-person

24     appearance, we can accommodate you, but you are consenting to

25     moving ahead today here, yes, Ms. Shroff?

K9NPQUIC

1          MS. SHROFF:  Yes, we are, your Honor.  I keep muting

2     and unmuting; that's why there is a delay.

3          THE COURT:  Well, stay on the line.  Ms. Houle and

4     Ms. Shroff, stay on the line because we're going to go back and

5     forth.

6          All right.  Does the government have any objection to

7     proceeding in this fashion?

8          MS. HOULE:  No, your Honor.

9          THE COURT:  All right.  We have the consents that are

10    necessary under the CARES Act, and we will proceed.

11         The second thing I want to do is to put on the record

12    a discussion that I had with counsel yesterday.  Given the

13    various letters that have been sent to me, the government's

14    letter having been under seal, I wanted to have a discussion

15    with counsel to see what could practically be done, given the

16    disagreements of proceeding according to procedure.

17         The government does not wish to have information

18    relating to this case to be on the public record because of

19    various legitimate concerns.  Defendant wishes to have a public

20    record and all public disclosures because of various important

21    needs of the defendant.

22         I was unable to work out any procedure that is

23    satisfactory both to defense counsel and to the government, and

24    so we aborted the discussions we had yesterday.  Is that a fair

25    summary, Ms. Shroff?

K9NPQUIC

1          MS. SHROFF:  I believe so, your Honor, but think that

2     the government has a far narrower request as to what is not

3     discussed in public.  I think the government should be required

4     to state their position of what is and is not publicly

5     available.

6          THE COURT:  Those are points you made yesterday, and

7     we will discuss these today.

8          MS. SHROFF:  All right.  And one last point, your

9     Honor.  May I ask how many *ex parte* submissions the government

10    has made?  I'm only aware of one that was made under seal.  To

11    the extent that the government is filing documents under seal

12    or *ex parte*, they are required by Department of Justice

13    procedures to note that they have made such a filing on ECF.

14    They have made no such recording on ECF, and I believe that is

15    violative of the Criminal Rules of Procedure, as well as the

16    DOJ's own internal guidelines.

17         THE COURT:  I have received, I think, one letter

18    requesting that it be so ordered under seal.  I have not made

19    any order, and that is why it is not on ECF.  But I will order

20    today that it may be filed under seal and, therefore, it will

21    appear on ECF.

22         Am I correct, Ms. Houle?

23         MS. HOULE:  Your Honor, just to be clear, in advance

24    of the telephone call yesterday with defense counsel, the

25    government submitted a sealed letter on which Ms. Shroff was

K9NPQUIC

| 1 | copied.  As discussed during the call yesterday, the government

| 2 | agreed to put in a supplemental letter to the court *ex parte*,

| 3 | which we did yesterday evening at approximately, I believe it

| 4 | was, around 9:15 p.m.

| 5 | THE COURT:  Yes, I did receive that as well.  I had

| 6 | mixed them both in my mind together.  Both of those letters.

| 7 | MS. SHROFF:  Your Honor, the --

| 8 | THE COURT:  Both of those letters will be ordered

| 9 | filed under seal.

| 10 | MS. SHROFF:  Your Honor, we objected to the government

| 11 | filing an *ex parte* letter.  Ms. Houle misrepresents what I said

| 12 | yesterday.  I clearly objected to the government's putting --

| 13 | THE COURT:  Your objection is noted.

| 14 | MS. SHROFF:  Okay.  I also objected to --

| 15 | THE COURT:  The information -- the information is of

| 16 | such quality that, in my opinion, it is necessary for the

| 17 | safety of people to have it under seal.

| 18 | MS. SHROFF:  Your Honor, it's not just under seal.

| 19 | It's *ex parte* and under seal --

| 20 | THE COURT:  It's *ex parte* and under seal and we will

| 21 | have that discussion today whether we can compromise that in

| 22 | some fashion at this point.

| 23 | MS. SHROFF:  Your Honor, the public --

| 24 | (Indiscernible crosstalk)

| 25 | THE COURT:  Excuse me, Ms. Shroff.

K9NPQUIC

1            MS. SHROFF:  The further --

2            THE COURT:  Excuse me.  At this point, I approve the

3    submission to me of the information *ex parte*, and I order it to

4    be filed under seal.

5            All right --

6            MS. HOULE:  Your Honor?

7            THE COURT:  Now, Ms. Houle and Ms. Shroff --

8            MS. SHROFF:  Your Honor, I believe someone --

9            THE COURT:  Will you stop talking for a minute,

10   Ms. Shroff, and I'll give you time?  If only out of the sake of

11   politeness, if I'm talking, don't interfere and don't

12   interrupt.  I will give you your opportunity.  You will make

13   every --

14           MS. SHROFF:  Thank you.

15           THE COURT:  -- point you wish to make.  Just don't

16   interrupt.

17           The second issue I wish to raise, Ms. Houle, is

18   whether if the information is given to Ms. Shroff for her eyes

19   only, and if Ms. Shroff agrees to receive the information in

20   that fashion, subject to her making whatever motions she feels

21   appropriate, under seal, I will consider ordering you,

22   Ms. Houle, to give that information to Ms. Shroff.

23           So first, Ms. Houle will comment, and then Ms. Shroff

24   will comment.

25           MS. HOULE:  Your Honor, I just want to make sure I

K9NPQUIC

1    understand.  Are you referring to providing the *ex parte* letter

2    to Ms. Shroff on an attorneys-eyes-only basis?

3            THE COURT:  I am.

4            MS. HOULE:  Two points in that regard, your Honor.

5    First is, I think we could provide a version of that with

6    redactions.  I don't think that --

7            THE COURT:  What would you redact?

8            MS. HOULE:  I don't think that we can turn over to

9    Ms. Shroff the specifics of the confidential source's medical

10   situation at this time or the statements made to us by the

11   confidential source's defense counsel.  With those exceptions,

12   we would turn over the *ex parte* letter to Ms. Shroff on an

13   attorneys-eyes-only basis.

14           THE COURT:  If you would submit to chambers *ex parte*

15   identification of that which you wish to redact, I will make a

16   ruling.

17           MS. HOULE:  We will do so, your Honor.

18           The second point --

19           THE COURT:  And we will conduct -- if necessary, I

20   will conduct an *ex parte* proceeding to understand the reasons

21   for the government's position and inform my ruling.

22           MS. HOULE:  So the second point, your Honor, is --

23           THE COURT:  Yes.

24           MS. HOULE:  I apologize.

25           THE COURT:  Go ahead.

K9NPQUIC

| | |
|---|---|
| 1 | MS. HOULE:  Is that we did have discussions with |
| 2 | Ms. Chung, counsel for Mr. Mones, last night and this evening |
| 3 | by e-mail.  We understand that she would like to see the sealed |
| 4 | letter that we provided to the Court, with a copy to |
| 5 | Ms. Shroff, which we will provide to her following this |
| 6 | conference.  And any letter that is provided to Ms. Shroff on a |
| 7 | redacted basis, we would propose to also provide to Ms. Chung. |
| 8 | THE COURT:  Is there any objection, Ms. Shroff? |
| 9 | MS. SHROFF:  No, I don't have any -- |
| 10 | THE COURT:  First of all, Ms. Shroff, will you agree |
| 11 | that you will not make public or show anyone else the |
| 12 | information given to you by the government? |
| 13 | MS. SHROFF:  Your Honor -- |
| 14 | THE COURT:  You may, of course, make any motions you |
| 15 | wish to make, but they will be under seal. |
| 16 | MS. SHROFF:  Your Honor, there are two letters, and |
| 17 | I'm assuming the Court is referring to the *ex parte* letter that |
| 18 | we have not seen? |
| 19 | THE COURT:  That's right. |
| 20 | MS. SHROFF:  Okay.  Thank you, your Honor. |
| 21 | I don't want to speak over you.  I do apologize for |
| 22 | having done so before, and I will not do it again. |
| 23 | I do not have any legal objection to the medical |
| 24 | situation of the confidential source being redacted. |
| 25 | I do have an objection, your Honor, of any redaction |

K9NPQUIC

1    of counsel's -- the CS's counsel's statement to the government

2    being redacted.  There is no privilege between the lawyer of

3    the confidential source and the United States, nor should the

4    United States be asserting such a privilege in light of the

5    legal position in which they are, where they have now charged

6    the confidential source.

7              For those reasons, your Honor, I do not believe it

8    would be proper to redact that information and keep it from

9    defense counsel for either Mr. Orsini or for Mr. Mones Coro.

10             Again, I reiterate here that both counsel, myself and

11   Ms. Chung, would agree to any limitations set by the Court in

12   the first instance, and review it for attorneys eyes only.

13             Additionally, your Honor, we would also agree to the

14   Court conducting an *in camera* examination of the particular

15   statements made by the CS's defense counsel so that the Court

16   may properly rule on what basis those statements are being

17   redacted and kept from us.  I note this objection, your Honor,

18   because this is -- where we are today is a culmination of

19   months and months of late Rule 16 production, months and months

20   of asked for Brady and Giglio material, which we have gotten on

21   an extremely delayed basis.  And I most respectfully ask the

22   Court to conduct an *in camera* inspection before allowing the

23   government to redact those statements.  And I --

24             THE COURT:  Well, that's where I --

25             MS. SHROFF:  Your Honor --

K9NPQUIC

1          THE COURT:  Sorry.  That's what I had proposed,

2     Ms. Shroff --

3          MS. SHROFF:  Okay.  Thank you.

4          THE COURT:  -- that the documents be submitted to me

5     with the redaction, and I would have an *ex parte* hearing or an

6     *in camera* hearing to go over those redactions, ascertain the

7     reasons that the government has for the redactions, and make

8     rulings.  If redactions --

9          MS. HOULE:  And, your Honor -- sorry.

10         THE COURT:  If redactions remain, there will be an

11    opportunity on your part, Ms. Shroff, to make your record with

12    regard to them.  And I'll have to figure out in what way we can

13    do that record, whether *in camera* or in the public, but that

14    will be ahead of us.

15         MS. CHUNG:  Your Honor, it's Christine Chung.  I don't

16    want to interrupt anybody, but I do want to be heard at some

17    point.

18         THE COURT:  Well, now would be a good time, Ms. Chung.

19         MS. CHUNG:  Okay.  Thank you, your Honor.  And I share

20    that one of the times it may have sounded like Ms. Shroff was

21    interrupting you, your Honor, it had been me.  I'm just getting

22    a little anxious and the delay of the phone is difficult.

23         THE COURT:  Excuse me.  I have no anger with anyone.

24    Ms. Shroff knows that we have had many relationships,

25    professional relationships, over a long period of time and that

K9NPQUIC

1    I admire the way that she's zealously represents her clients.

2              So I have no animus against Ms. Shroff, only

3    admiration, and the same is true for you, Ms. Chung.

4              MS. CHUNG:  It was a poor word choice on my part, your

5    Honor.  I just wanted to take responsibility.

6              THE COURT:  Let's go over it.  Forget about it.  We're

7    finished.

8              MS. CHUNG:  Sure.

9              THE COURT:  You go ahead and tell me your point.

10             MS. CHUNG:  I appreciate, your Honor, that I'm being

11    folded into these ongoing developments, and I'm speaking

12    carefully because I'm learning some of this for the first time.

13    I want to make sure that I understand what has been happening

14    and what's being proposed, including for reasons of not

15    burdening the Court.

16             But I would like to say that my client, Mr. Mones, and

17    myself, our team have been just as involved in all the

18    developments about the confidential source.  I believe we've

19    received all the same discovery that Ms. Shroff has.

20             THE COURT:  Ms. Houle, could you confirm that?

21    Ms. Houle?

22             MS. HOULE:  Yes.  That's correct, your Honor.

23             THE COURT:  Okay.  Go ahead.  I'm sorry, Ms. Chung.

24    Go ahead.

25             MS. CHUNG:  That's fine, your Honor.  And I did start

K9NPQUIC

1    engaging in discussions with Ms. Houle, after learning for the

2    first time last night from the government that these

3    applications had been made.

4        And so -- and I'm not hearing that there is any legal

5    reason that I should have been excluded from yesterday's event;

6    so I'm gratified that Ms. Houle is making the application to, I

7    think, include me and Mr. Mones on whatever is going to develop

8    from here on out.

9        THE COURT:  I take it, from what Ms. Houle says, that

10   she has no objection to giving you whatever information she has

11   given to Ms. Shroff, nor to include you in any further

12   discussions regarding the points that she made.

13       So do you object to my plan to require the government

14   to give you information subject to the rulings coming up on

15   redaction in a way that are for your eyes only, not to be

16   shared with your client or with the public in any way?

17       MS. CHUNG:  Your Honor, I'm fine with receiving the

18   attorneys-eyes-only information in the first instance.  I share

19   Ms. Shroff's concern and objection, based on what I've heard so

20   far.  There may be a greater justification to why Mr. -- well,

21   sorry, I'll be careful -- the confidential source's attorney's

22   statements cannot be shared.  I also --

23       THE COURT:  I understand.  I understand, but there

24   will be a proceeding.  First step is my examination of that *in*

25   *camera*, and to the extent that you wish to make any motions or

K9NPQUIC

1    objections with regard to the procedures, or with regard to the

2    information ultimately given to you, you can do so, but under

3    seal.

4              MS. CHUNG:  Your Honor, I have a further request in

5    that regard, which is that I believe that it's -- and I think

6    this is consistent with the legal requirements.  If your Honor

7    proceeds on an *ex parte* basis, or on a basis where not all

8    information is being shared with the attorneys, I would request

9    the Court make finding about why that is happening.  In other

10   words, not on the merits of the application, but why it's

11   necessary to proceed on an *ex parte* or sealed basis and --

12             THE COURT:  The reason is this.  The government

13   believes, for whatever justification it will advance to me,

14   that it has the right and the duty to make redactions.  I'm

15   holding these procedures *in camera* because I need to rule

16   whether this information that the government wishes to redact

17   should remain private to the government or should be part of

18   what is extended to you.

19             I have to do this *in camera* because if the government

20   makes these justifications on the public record, the whole

21   point of the redaction is made academic.  And so I make these

22   findings to justify my having to examine the redactions.

23             I will find a way to give the reasons to you and to

24   Ms. Shroff in either a public manner or an *in camera* manner,

25   but ultimately, you will know the reasons and what my rulings

K9NPQUIC

1    are.  I've had extensive experience in the freedom of

2    information context of working in this fashion.  It has been

3    satisfactory, and I believe that counsel have come to trust my

4    honesty in making public as much as I can make public and

5    creating a record to justify any private information, and I

6    will do that here.  That's the procedure we'll work under.  The

7    government will --

8                 MS. HOULE:  Your Honor --

9                 THE COURT:  Yes?

10                MS. HOULE:  I apologize.  I just hope that maybe I can

11   offer a suggestion --

12                THE COURT:  Who is speaking?

13                MS. HOULE:  -- that can could be helpful.  I'm sorry.

14   I apologize.  This is Ms. Houle, your Honor.

15                May I pose one question to Ms. Chung, and then make a

16   suggestion?

17                THE COURT:  Yes, you may.

18                MS. HOULE:  The question to Ms. Chung is:  Ms. Chung,

19   do you consent to the confidential source's medical record

20   being redacted from the record?

21                MS. CHUNG:  If I can, I'm going to do two things in

22   order.  I just want to express to the judge that I appreciate

23   what he has just laid out.  I think that it comports with the

24   principle we all know that whatever can be public, including

25   the reasons for secrecy, should be public, and I understand the

K9NPQUIC

1    procedure he's laying out.

2         Secondly, as to medical information, I think -- I

3    mean, we all understand that medical information is

4    confidential.  I think that, again, to the extent that it can

5    be made public and it's not endangering anybody and it's not

6    impairing the privacy rights, the reasons why someone in a

7    medical condition cannot be -- I'm not going to get into it,

8    but whatever the next steps are for this person, that is

9    important because there are many, many circumstances in which

10   even people with medical conditions move forward in their

11   proceedings.

12        So that is something that I think deserves scrutiny,

13   including from those of us -- including me but not limited to

14   the defendants or to the co-defendants; so that there is a

15   testable proposition, and we're not being deprived of

16   information that bears on the ultimate question here.

17        THE COURT:  I'm aware of those points, and I will

18   effect your rights to the extent I can.

19        MS. CHUNG:  Thank you, your Honor.

20        MS. HOULE:  Your Honor --

21        THE COURT:  In the meantime -- in the meantime,

22   neither Ms. Shroff nor Ms. Chung consent to your redaction of

23   medical information.

24        MS. HOULE:  I thought Ms. Shroff consented, but if

25   Ms. Chung doesn't, then I suppose it's irrelevant.  In any

1    event, your Honor, we will propose the redactions.  I will also

2    confer with counsel for the confidential source.  It may be

3    that he does not object to that information being shared with

4    Ms. Shroff and Ms. Chung on an attorneys-eyes-only basis.

5         THE COURT:  Good idea.

6         MS. HOULE:  In which case, I expect that the only

7    redaction we would propose would be to the medical information.

8         I just want to note, your Honor, that it's very

9    possible that the basis for sealing may be alleviated as soon

10   as by the end of this week, and the government will advise the

11   Court of any changes promptly and appropriately seek unsealing

12   if that's the case.

13        THE COURT:  When do you propose to let me see the

14   redactions?

15        MS. HOULE:  We can send that to your Honor this

16   afternoon.

17        THE COURT:  That's fine.  Okay.

18        MS. HOULE:  That's as long as -- the only -- I will

19   just be waiting to hear back from defense counsel from the

20   confidential source, which I expect we can do quickly, and then

21   submit the redactions to your Honor.

22        THE COURT:  Okay.  And if the confidential source

23   doesn't mind, there won't be any redactions whatever, right?

24        MS. HOULE:  Your Honor, I will also raise with the

25   counsel for the confidential source -- yes, your Honor --

K9NPQUIC

1    whether the medical information does continue to need to be

2    redacted.

3            THE COURT:  Okay.  All right.  Can we go on to the

4    next point, counsel?

5            MS. SHROFF:  Your Honor, may I just address the

6    original point that --

7            THE COURT:  Ms. Shroff, is this Ms. Shroff?

8            MS. SHROFF:  Yes, your Honor.  This is Ms. Shroff.

9    May I just address one issue that the Court raised with the

10   government that I would like to just sort of amplify on, if I

11   may?

12           THE COURT:  Go ahead.

13           MS. SHROFF:  Okay.  So one is, I think that the

14   government should be asked on this record to update the Court

15   as to what it is that we are discussing, what information it is

16   that they want?  At least what information that we can share

17   with both our clients and the public?  I think Ms. Houle should

18   tell us now so that we can --

19           THE COURT:  I have the information, Ms. Shroff.

20           MS. SHROFF:  No, but we don't, your Honor.  We don't

21   know what we are allowed to share with our client and the

22   public.

23           THE COURT:  That's the whole purpose of the procedures

24   I'm laying out.

25           MS. SHROFF:  But there are some parts that they have

K9NPQUIC

1   agreed that we can share.  The only --

2           THE COURT:  Excuse me.  We've covered that ground.

3   The government is going to give you everything except that

4   which the government redacts, with the possibility there may

5   not be any redactions.  You're getting it for your eyes only.

6           MS. SHROFF:  I'm sorry --

7           THE COURT:  And I want to stress, only for your eyes.

8           MS. SHROFF:  Your Honor, I think I'm -- we're not on

9   the same page.  I'm talking about -- I'm not talking about the

10  *ex parte* letter at all, or anything that's in that *ex parte*

11  letter.  I'm simply saying in light of the developments from

12  yesterday's conversation, I'm simply asking the government to

13  state on this record what has happened and what they think is

14  properly shared with the public.  That is all I ask.

15          THE COURT:  The government --

16          MS. HOULE:  I think I understand --

17          THE COURT:  The government does not -- excuse me.  The

18  government, I'm not imposing that obligation on the government

19  at this time.  The government will, as I ordered, give you

20  information subject to redaction tomorrow, but it will be for

21  your eyes only, and Ms. Chung's, subject to whatever motions or

22  objections you make under seal.  That is the order.  Do you

23  understand that, Ms. Shroff?

24          MS. SHROFF:  Yes, your Honor.  But I'm talking about

25  something totally different.

K9NPQUIC

1          THE COURT:  What are you talking about?

2          MS. SHROFF:  I'm talking about the government's --

3     what it is that the government thinks is appropriate as of now,

4     11:27, for us to share with our clients, and what it is, as of

5     today, we can share with the public.  I think Ms. Houle can

6     answer that.  That is all I'm asking for.

7          MS. HOULE:  Your Honor, I think I understand

8     Ms. Shroff's question to be, essentially, what is it -- what

9     relief does the government seek.  And it was narrow, and it was

10    simply that the confidential source's name not be used at

11    today's conference.

12         MS. SHROFF:  Right.  So could the government tell the

13    Court why we are here vis-a-vis the confidential source; so

14    that neither Ms. Chung nor I violate any rules?

15         MS. HOULE:  Well, I think that we are here today to

16    discuss the status of your client's case.

17         MS. SHROFF:  And?

18         How does that relate to the conversation about the

19    confidential source?

20         MS. HOULE:  The confidential --

21         THE COURT:  I see no further -- I see no further

22    purpose in this.  I will make rulings with regard to the

23    confidential source the same way that I indicated before.

24         MS. SHROFF:  Your Honor, the government has said that

25    they do not plan to add any defendants to this indictment.  Is

K9NPQUIC

1  the confidential source also not going to be added to this

2  indictment?  Am I proceeding to trial just with Mr. Orsini, or

3  with Mr. Orsini and the confidential source?

4  　　　　　　THE COURT:  You don't have to answer that, Ms. Houle,

5  if you don't wish to.

6  　　　　　　MS. HOULE:  I don't have an answer to that question

7  yet, your Honor.  At this point, we do not --

8  　　　　　　THE COURT:  All right.  You don't have to --

9  　　　　　　MS. HOULE:  -- expect that anyone would proceed to

10  trial other than Mr. Orsini on that indictment.

11  　　　　　　THE COURT:  And you don't have the answer.  You've

12  told me before that it was your plan to go to trial on this

13  indictment mentioning only as defendant Orsini Quintero.

14  　　　　　　MS. HOULE:  That's correct, your Honor.

15  　　　　　　THE COURT:  Okay.  That's the answer, Ms. Shroff.

16  　　　　　　All right.  Can we move forward now?  Yes?

17  　　　　　　MS. SHROFF:  I've noted my objections that the

18  government should be required to tell us what was said by the

19  confidential source.

20  　　　　　　THE COURT:  Anything further now, Ms. Chung?

21  　　　　　　MS. CHUNG:  No, your Honor.  And I would just

22  emphasize, I think that continuing to confer with the

23  government is going to be productive.  I'm sure the Court has

24  no problem with that.  I'm just learning, for example, that

25  this may be an issue that goes away in a short time, and so

K9NPQUIC

1    things like that are very interesting and helpful.

2           THE COURT:  I encourage the conversations.

3           Okay.  Has discovery been completed, Ms. Houle?

4           MS. HOULE:  Your Honor, since the last conference, we

5    have produced additional materials and information relating to

6    the confidential source.

7           At this point, we don't have any additional materials

8    to produce.  It is possible that we will collect additional

9    materials in the near term and will produce those as necessary.

10          THE COURT:  It's hard for me to understand why your

11   production is not complete.

12          MS. HOULE:  What I mean to say, your Honor, is that we

13   could collect additional information regarding the confidential

14   source.  We don't have any additional information to produce at

15   this time.

16          THE COURT:  It's hard for me to understand why that

17   information was not already collected.

18          MS. CHUNG:  Your Honor, it's Ms. Chung.  If I may, I

19   just don't want to not say this and have it be a problem later.

20   There are certain follow-up questions that we've had for the

21   government.  As I think the Court is aware, we've had an

22   ongoing process.

23          My client's sentencing has now been put off multiple

24   times, including for the reasons that discovery is being

25   completed.  So again, we will continue to confer with the

K9NPQUIC

1    government, but I don't want to leave a misimpression that

2    we're done getting everything that we wanted to follow up with

3    from the government.

4              THE COURT:  I'm functioning on that basis, Ms. Chung.

5    I'm telling Ms. Houle that I find it hard to understand why all

6    relevant information has not been collected and produced,

7    subject to whatever withholdings the government considers

8    appropriate, subject to my ruling on that.

9              MS. HOULE:  Understood, your Honor.

10             THE COURT:  Well, I'd like to have a date by which you

11   say "I'm finished."

12             MS. HOULE:  Again, your Honor, given the developing

13   situation with the confidential source, I don't want to rule

14   out the possibility that additional information could be

15   collected in the next two weeks.  I think after that time, we

16   should know whether or not there are any other materials.

17             THE COURT:  I'll give you 30 days.  Whatever is going

18   to be produced will be produced in those 30 days.  After that,

19   there may be repercussions if there have been no productions.

20             MS. HOULE:  Understood, your Honor.

21             THE COURT:  Okay?

22             So 30 days from today is when, Brigitte?

23             THE DEPUTY CLERK:  The 23rd.  That would be

24   October 23rd.

25             THE COURT:  What day of the week is it?

K9NPQUIC

1              THE DEPUTY CLERK:  A Friday.

2              THE COURT:  Okay.  That's the cutoff date, Ms. Houle,

3    October 23rd.

4              MS. HOULE:  Understood.

5              THE COURT:  Now, we had a motion schedule agreed to,

6    and it's passed.  Do we want to make another motion schedule?

7         Furthermore, Ms. Shroff, you were going to identify

8    any motions that you planned to make.  Do you want --

9              MS. SHROFF:  I can no longer --

10             THE COURT:  I'm not going to hold you to that now

11   because of the dynamic, and maybe you can't answer anything in

12   this vein until you have further information.  But I need to

13   schedule motions before we have a trial.  I know, Ms. Shroff,

14   that you want an early trial date, and I understand that it's

15   my obligation to deliver as early a trial date as I can, given

16   the circumstances of this Court.

17             MS. SHROFF:  Your Honor, if the government has 30 more

18   days -- and I note that this discovery that they're talking

19   about, they have continuously produced over a month -- over 16

20   months.  The last adjournment they sought, I specifically noted

21   to the government lawyer that I was only consenting to it if he

22   actually noted in his letter that it was because of their late

23   discovery production.  Instead of --

24             THE COURT:  Ms. Shroff, excuse me.  We are where we

25   are.  The cutoff is 30 days from now.

K9NPQUIC

1          MS. SHROFF:  What --

2          THE COURT:  The cutoff is 30 days from now.

3          MS. SHROFF:  Right.

4          THE COURT:  After that, motions will be appropriate.

5    I'm calling upon you to give me a motion schedule.  You don't

6    have to do it this minute.

7          MS. SHROFF:  I can't --

8          THE COURT:  You don't have to do it this minute, but

9    I'd like to have it.  You should consult with the government,

10   and deliver a joint proposal for a motion schedule.

11         MS. SHROFF:  Yes, your Honor.  But the Court said you

12   would give me an opportunity to note my objection, and that is

13   my objection, that the government continues to produce rule 16

14   discovery instead of coming forward and saying they're late in

15   their production.  They classify it as discovery material or

16   information, which it's not.  It's clearly rule 16 discovery.

17         I appreciate you've given them 30 days, but once I

18   have all of the discovery done in the next 30 days, two weeks

19   after that, I will be in a position to confer with them and

20   then I will write an inform the Court, but I note here that --

21         THE COURT:  That's acceptable.

22         MS. SHROFF:  Thank you, your Honor.

23         THE COURT:  So you will write to me within, say, 45

24   days, giving me a joint proposed motion schedule and

25   identifying the motions that you will be making.  Some may be

K9NPQUIC

1    under seal, some may be public.  Is that satisfactory?

2         MS. HOULE:  Your Honor?

3         THE COURT:  Ms. Shroff, is that satisfactory?

4         MS. SHROFF:  Yes, your Honor.

5         THE COURT:  Ms. Chung, you're not involved in this,

6    right?

7         MS. CHUNG:  Your Honor, I did want to raise something

8    about the schedule that your Honor just laid out for the

9    remaining discovery.  I don't think this is a problem, but I've

10   been discussing with Ms. Houle and Mr. Adelsberg a faster

11   timetable to try to wrap things up for Mr. Mones, who is

12   otherwise prepared to go forward with sentencing.

13        And so I'm sure that -- you know, we'll just keep

14   working forward.  Again, we'll keep conferring, but our hope

15   was that we could keep sentencing now, you know, in the very

16   near future.

17        THE COURT:  When you are ready to sentence, I'll be

18   ready to sentence.

19        MS. CHUNG:  I know, your Honor.  Thank you.

20        THE COURT:  All right.  Ms. Houle, is the procedure I

21   laid out satisfactory?

22        MS. HOULE:  Yes.  Thank you, your Honor.

23        THE COURT:  Okay.  When should be our next date for

24   meeting?  Should it be before you make your motions or after?

25   Ms. Houle?

K9NPQUIC

1          MS. HOULE:  We defer to Ms. Shroff on what she would

2     prefer.

3          THE COURT:  Ms. Shroff?  Ms. Shroff?

4          MS. SHROFF:  I'm sorry, your Honor.  Could you ask me

5     again?  I could not hear you.

6          THE COURT:  Yes.  I want to plan our next meeting, and

7     I asked should it be before the motions or after?  For example,

8     the discovery cutoff is 30 days from now.  I can meet you a few

9     days after that.

10          MS. SHROFF:  That would be fine, your Honor.  Thank

11     you.

12          THE COURT:  Would you like that?

13          MS. SHROFF:  Yes, please.

14          THE COURT:  Bridgitte, could you set a meeting date,

15     please?

16          THE DEPUTY CLERK:  How many days after October 23rd?

17     You said just after that?

18          THE COURT:  Say seven, seven to ten days.  Seven would

19     be a Friday.  I think this is —-

20          THE DEPUTY CLERK:  We can't do it on Friday.

21          THE COURT:  We can do it on Monday, Tuesday or

22     Wednesday.

23          THE DEPUTY CLERK:  We can't do Tuesday.  He's in MCC.

24     October 28th at 11:00, and that time is subject to change.  So

25     it will either be at 9:00 or 11:00 —- in between 9:00 and

K9NPQUIC

 1    11:00.

 2              THE COURT:  October 28th?

 3              THE DEPUTY CLERK:  Correct, but it can be, depending

 4    on whether --

 5              THE COURT:  Between 9:00 and 11:00, depending on --

 6              THE DEPUTY CLERK:  On if it's a video or phone.

 7              THE COURT:  When the circuits are free.

 8              THE DEPUTY CLERK:  Right.

 9              THE COURT:  Okay.  Now would be appropriate to make a

10    motion to exclude time, Ms. Houle.

11              MS. HOULE:  Thank you, your Honor.  The government

12    would move to exclude time --

13              THE COURT:  Excuse me.  Maybe I'm being hasty.  Is

14    there anything else that you wish to bring up, Ms. Houle?

15              MS. HOULE:  No, your Honor.  Thank you.

16              THE COURT:  Is there anything else you want to bring

17    up, Ms. Shroff?

18              MS. SHROFF:  No, your Honor.  I'm assuming that, as is

19    the Court's practice, to the extent any of the disclosures

20    prompt me to make a bail application for Mr. Orsini, who has

21    been in custody now for 16 months, the Court will entertain it.

22              THE COURT:  You understand, Ms. Shroff, from prior

23    experiences that I rule that bail applications can be made at

24    any time, even successively, and I will respond promptly to any

25    application.

K9NPQUIC

1          MS. SHROFF:  I really appreciate you saying that, your

2    Honor.  I said that so that my client could hear because MCC

3    didn't give me a call this morning before our proceeding, and I

4    just wanted him to know that that was on the table.  So I

5    really appreciate you saying that.  Thank you.

6          THE COURT:  That is always on the table.  I am firmly

7    in mind that we are dealing with a person who has a presumption

8    of innocence attached to him, and the detention is the

9    exception, not the rule.  So if the exception is not

10   appropriate, a bail application is certainly appropriate.

11         Okay.  Anything else, Ms. Chung?

12         MS. CHUNG:  Your Honor, there -- I hesitate to

13   lengthen this call, but there is -- it relates to an answer

14   Ms. Houle gave earlier, which is that there is a defendant who

15   has not pled, who is a co-defendant in this case and is in

16   custody.  I will take up with her a topic we've discussed in

17   the past, which is whether or not -- he's not on this call.

18   His lawyer is not on this call.

19         I will take up with her a subject we discussed in the

20   past, which is whether or not we should be expecting discovery

21   based on information that that person is providing because that

22   would -- that could potentially be another whole discovery

23   process.

24         THE COURT:  And a motion.

25         MS. CHUNG:  Thank you, your Honor.

K9NPQUIC

1            THE COURT:  Ms. Houle, I do not want to have a late

2      decision that the case against Mr. Quintero can't go ahead

3      until you amend the indictment to include anybody else.  We're

4      marching towards trial, and I will not delay trial.

5            If you want to include anyone else by a superseding

6      indictment, you must do so promptly.  You've told me that you

7      plan not to do that.  That's fine, but if it's done, it must be

8      done promptly or it will not be allowed.  Do you understand me?

9            MS. HOULE:  We fully understand your Honor's point and

10      instruction.

11            THE COURT:  And if there's discovery owed in some

12      fashion, it can be made the subject of a motion.  But at this

13      point, it seems to me that that person is a witness,

14      potentially a witness, not a defendant, and to be treated under

15      the Giglio and Brady rules rather than rule 16.  But I could be

16      wrong.

17            All right.  Motion to exclude time?

18            MS. HOULE:  Thank you, your Honor.  The government

19      moves to exclude time through October 28th to allow the

20      defendant to review discovery and to allow for continuing

21      discussions between the government and defense counsel

22      regarding potential pretrial resolution of this matter, as well

23      as to allow defense counsel to contemplate pretrial motions.

24            THE COURT:  Are there objections?  Hearing none, so

25      ordered.

K9NPQUIC

1              Okay.  Do we have anything else?  I think we're

2      finished.

3              MS. HOULE:  Thank you, your Honor.

4              THE COURT:  Okay.  And you will be delivering to

5      chambers any information.  If you want to do it tomorrow,

6      tomorrow is okay too.  I said deliver to chambers.  It can be

7      done electronically.

8              MS. HOULE:  Thank you, your Honor.  We'll do it

9      promptly.

10              THE COURT:  Okay.  Thank you, all.  Good bye.

11              (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25