UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
UNITED STATES OF AMERICA                :
                                                             :
                                                             :      **ORDER DENYING MOTION**
          -against-                                :      **TO DISMISS**
                                                             :
                                                             :      19 Cr. 144 (AKH)
SAMARK JOSE LOPEZ BELLO,              :
                                                             :
                        Defendants.          :
                                                             :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On March 13, 2020, an eight-count superseding indictment (the "Indictment") was filed charging Samark Jose Lopez Bello ("Defendant") with (1) conspiracy to defraud the United States by obstructing the lawful governmental functions of the Treasury Department's Office of Foreign Assets Control ("OFAC") in violation of 18 U.S.C. § 371 ("Count One"), and (2) violations of various provisions of the Foreign Narcotics Kingpin Designation Act (the "Kingpin Act"), 21 U.S.C. § 1901 *et seq.*, and the Foreign Narcotics Kingpin Sanctions Regulations (the "Kingpin Act Regulations"), 31 C.F.R. § 598.101 *et seq.* (2020) (Counts 4 through 8). *See* Indictment, ECF No. 67.

        On February 13, 2017, OFAC announced that it had designated Lopez Bello and co-defendants as Specially Designated Narcotics Traffickers pursuant to the Kingpin Act. Indictment ¶ 17. The Indictment alleges that from February 2017 to March 2019, Lopez Bello and others conspired to defraud OFAC, violate and evade OFAC sanctions, and launder funds used in transactions violating such sanctions. *Id.* ¶ 1. Lopez Bello allegedly used U.S.-based companies to charter private flights, involving at times U.S.-registered aircraft, and paid for

private flights by using associates to deliver cash in Venezuela to be smuggled into the United States. *Id.* ¶¶ 3-4.

On September 16, 2022, Lopez Bello filed a motion to dismiss the Indictment. ECF No. 253. In his briefing, Defendant argued (i) that he does not fall within the class of persons chargeable under the Kingpin Act, (ii) that the presumption against extraterritoriality precludes his charges under both the Kingpin Act and 18 U.S.C. § 371, and (iii) that the Government has not properly alleged a *Klein* conspiracy under 18 U.S.C. § 371. (ECF No. 255, at 4-20). In its opposition, the Government asked me to exercise my discretion under the equitable doctrine of fugitive disentitlement to decline to entertain Defendant's challenges to the Indictment. Upon request of the Court, the Government filed a supplemental brief addressing the merits of Defendant's motion. On April 26, 2023, the Court held oral argument and ruled on fugitive disentitlement. The Court additionally heard arguments and ruled in the alternative on the merits of Defendant's motion to dismiss. For the reasons discussed during oral argument, I hold as follows:

1. Lopez Bello is a constructive flight fugitive who learned of the charges against him while outside the United States and now refuses to return in order to avoid prosecution. *Collazos v. United States*, 368 F.3d 190, 199 (2d Cir. 2004); *see also United States v. Bescond*, 24 F.4th 759, at 771 (2d Cir. 2021) ("a fugitive is '[s]omeone who flees or escapes; a refugee,' or '[a] criminal suspect or a witness in a criminal case who flees, evades, or escapes arrest, prosecution, imprisonment, service of process, or the giving of testimony, esp[ecially] by fleeing the jurisdiction or by hiding.'") (quoting Black's Law Dictionary (11th ed. 2019)). Prior to being sanctioned by OFAC February 2017, Lopez Bello lived in the United States with the intention of making it his permanent home. He enrolled his children in U.S. schools, owned property in the United States, and lived a luxurious life here. His presence abroad, in stark contrast to the defendant in *Bescond*, is inextricable from this prosecution. *See Bescond*, 24 F.4th

at773 ("Bescond's presence abroad is unrelated to the American prosecution. . . . A different result may obtain if a person's presence abroad is in any part covert or suspect: a hideout, sanctuary, or escape from the reach of law"). Additionally, the purposes of fugitive disentitlement—"1) assuring the enforceability of any decision that may be rendered against the fugitive; 2) imposing a penalty for flouting the judicial process; 3) discouraging flights from justice and promoting the efficient operation of the courts; and 4) avoiding prejudice to the other side caused by the defendant's escape"—are served through disentitlement. *Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 280-82 (2d Cir. 1997). Lopez Bello is not entitled to see substantive relief, as in his motion to dismiss.

   Alternatively:

   2. The motion to dismiss Counts Four through Eight on the ground that Lopez Bello does not fall within the class of persons chargeable under the Kingpin Act is denied. Although Lopez Bello was not in the United States at the time of the charged conduct, the evasive transactions and dealings alleged in the Indictment, involving U.S.-based pilots, charter services, aircraft, bank accounts, and money transfers, constitute "transaction[s] . . . within the United States" within the meaning of the Kingpin Act. 21 U.S.C. § 1904(c)(1)-(2).

   3. The motion to dismiss Counts Four through Eight on the ground that the presumption against extraterritoriality precludes the charges against Lopez Bello under the Kingpin Act is denied. Lopez Bellow is alleged to have used U.S.-based pilots, charter services, aircraft, bank accounts, and money transfers. The charges as alleged therefore constitute a domestic application of the statute. *See Pasquantino v. United States*, 544 U.S. 349, 371 (2005) (the "domestic element of petitioners' conduct is what the Government is punishing in this prosecution").

   4. The motion to dismiss Count One on the ground that that the Government has not properly alleged a *Klein* conspiracy under 18 U.S.C. § 371 is denied. "[I]t is now well

established that § 371 'is not confined to fraud as that term has been defined in the common law,' but reaches 'any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government.'" *United States v. Coplan*, 703 F.3d 46, 61 (2d Cir. 2012). The Indictment tracks the language of the statute and alleges acts by Lopez Bello and his co-conspirators to evade OFAC's sanctions and detection by law enforcement. Ind. ¶¶ 3, 14, 32, 34. These allegations are sufficient for the purposes of a *Klein* conspiracy allegation. *See United States v. Atilla*, 966 F.3d 118, 130-31 (2d Cir. 2020); *United States v. Nejad*, No. 18 Cr. 224 (AJN), 2019 WL 6702361, at *10 (S.D.N.Y. Dec. 6, 2019). Nor is Count One an unlawful extraterritorial application of § 371 because the object of the obstruction was in the United States. *See Pasquantino v. United States*, 544 U.S. 349, 371 (2005).

        The Clerk of Court shall close the motions at ECF No. 253.

        SO ORDERED.

Dated:    May 2, 2023
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge